IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WALLACE MYERS | * | CIVIL ACTION NO.  2:21-cv-02734 |
| | * | |
| | * | |
| VERSUS | * | JUDGE JAMES D. CAIN, JR. |
| | * | |
| ALLIED TRUST INSURANCE | * | |
| COMPANY | * | MAGISTRATE JUDGE KATHLEEN KAY |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM APPRAISAL AWARD

**NOW INTO COURT**, through undersigned counsel, comes Allied Trust Insurance Company (hereinafter "Allied Trust"), who files this Memorandum in Support of its Motion to Confirm Appraisal Award.  For the reasons discussed herein, Allied Trust's Motion to Confirm Appraisal Award should be granted because the amount of damages has been properly determined by the appraisal process as set forth in the subject insurance policy.  Plaintiff, Wallace Myers ("Plaintiff") cannot meet their burden of proving that the appraisers' or umpire's honesty or integrity was suspect.  Accordingly, Allied Trust's Motion to Confirm Appraisal Award should be granted, and the amount of damages should be set at the umpire's and Allied Trust's appraiser's respective determination.

## FACTS

### I.      Hurricane Damage at Insured Premises and Dispute Over Amount of Loss

On or about August 27, 2020, and October 9, 2020, Plaintiff's property located at 4884 Muirfield Drive, Lake Charles, Louisiana was damaged by Hurricanes Laura and Delta.[1]  Allied

---

[1] Complaint for Declaratory Judgment and Damages, Para. 14 and 40, (Rec. Doc. 1).

Trust provided insurance Policy number 833646 from May 1, 2020 through May 1, 2021.[2] On November 24, 2020, counsel for Plaintiff issued correspondence to Allied Trust asserting a disagreement with Allied Trust's valuation of the amount of the loss.[3] Allied Trust timely invoked appraisal in accordance with the terms of the policy and selected Bree McCorkle as its appraiser.[4] Plaintiff named James Howard as his appraiser.[5]

## II.   Allied Trust's Appraiser and the Umpire Executed a Valid Appraisal Award

Following the appraisal of the claim, Allied Trust's named appraiser and the appointed umpire, Cody King, provided a stated amount of the loss.[6] Therefore, an award form was duly signed by the appraiser for Allied Trust and the umpire on February 17, 2022.[7] Per the Policy and La. R.S. 22:1311, this award – $128,180.86 for Coverage A, $6,056.07 for Coverage B, and $81,217.05 for Coverage C – will be the amount of the loss, less the applicable deductible, depreciation, and prior payments.[8] Following receipt of the appraisal award, Allied Trust timely forwarded Plaintiff payment in the amount of $87,594.47 for Coverage A and $4,748.41 for Coverage B.[9]

In the case at bar, Allied Trust's Motion to Confirm Appraisal Award should be granted because the amount of contractual damages has been properly determined by Allied Trust's named appraiser and named umpire in the appraisal process set forth in the subject insurance policy.

---

[2] Certified copy of Allied Trust Policy No. 833646, attached as Exhibit "A" to the Declaration of Cory Baker, Exhibit "1".
[3] November 24, 2020, correspondence from Plaintiff's counsel, attached as Exhibit "B" to the Declaration of Cory Baker, Exhibit "1".
[4] December 4, 2020, correspondence to Plaintiff's counsel, attached as Exhibit "C" to the Declaration of Cory Baker, Exhibit "1".
[5] December 16, 2020, correspondence from Plaintiff's counsel, attached as Exhibit "D" to the Declaration of Cory Baker, Exhibit "1".
[6] February 17, 2022, Appraisal Award, attached as Exhibit "E" to the Declaration of Cory Baker, Exhibit "1".
[7] Id.
[8] Id.
[9] February 28, 2022, correspondence from Allied Trust to Plaintiff's counsel, attached as Exhibit "F" to the Declaration of Cory Baker, Exhibit "1".

Further, the amount determined by the appraiser and umpire has been timely paid by Allied Trust. Finally, Plaintiff cannot meet their burden of proving that the appraisers' honesty or integrity was suspect.  Accordingly, Allied Trust's Motion to Confirm Appraisal Award should be granted by this Honorable Court.

### III.   The Allied Trust Policy Contains a Valid Appraisal Clause

Allied Trust issued a Policy of Insurance on the subject property that was in effect on August 27, 2020 and October 9, 2020.[10]   The Policy at issue includes an appraisal provision designed to address disputes over the amount of loss.[11]  Specifically, the subject Policy provides for an appraisal process to be employed in the event of a dispute over the value of a covered loss.[12] Under the terms of the Policy, if the parties cannot agree on the amount of loss, either party may demand an appraisal.[13]  This provision provides as follows:

> #### F.   Appraisal
>
> In you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.
>
> Each party will:
>
> 1.  Pay its own appraiser; and
> 2.  Bear the other expenses of the appraisal and umpire equally.[14]

---

[10] Certified copy of Allied Trust Policy No. 833646, attached as Exhibit "A" to the Declaration of Cory Baker, Exhibit "1".
[11] *Id*. at ALLIED HO3 SP LA 19 09 (Page 7 of 14).
[12] *Id*.
[13] *Id*.
[14] *Id*.

In the instant matter, and as discussed above, Allied Trust's named appraiser and the named umpire set the amount of the loss. Pursuant to the above clear and unambiguous Allied Trust Policy language, this award, in writing, "will be the amount of the loss."[15] As such, Allied Trust's Motion to Confirm Appraisal Award should be granted, and the determination of the appraisal award should set the amount of the loss at issue in this matter.

## IV.   Appraisal is Codified in the Louisiana Insurance Code

It is undisputed that appraisal was demanded by Allied Trust pursuant to the Policy and La. R.S. §22:1311. Appraisal process is further contained in the Standard Fire Policy, as codified in La. R.S. §22:1311. As such, it is enforceable on all parties.

La. R.S. §22:1311 states that "An award, in writing, so itemized, of any two (appraisers or appraiser and umpire) when filed with this Company **shall determine the amount of actual cash value and loss**.[16] Importantly, the applicability of words and phrases concerning the Interpretation of Revised Statutes, states that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. **The word "shall" is mandatory** and the word "may" is permissive."[17]

In addition, LSA-R.S. 1892(G) contains an appraisal provision, which states as follows:

Appraisal. If you and this Company fail to agree as to the amount of loss, either party may demand that the amount of the loss be set by appraisal. If either party makes a written demand for appraisal, each party shall select a competent appraiser and notify the other party of their appraiser's identity within twenty days of receipt of the written demand for appraisal. The appraisers shall select a competent and impartial umpire; but, if after fifteen days the appraisers have not agreed upon who will serve as umpire, the umpire shall be appointed by a judge of the court of record in which the property is located. The appraisers shall then appraise the loss. If the appraisers submit written notice of an agreement as to the amount of the loss to this Company, the amount agreed upon shall set the amount of the loss. If the appraisers fail to agree within thirty days, the appraisers shall submit their differences along

---

[15] *Id.*

[16] LSA-R.S. 22:1311. (*emphasis added*).

[17] LSA-R.S. 1:3.

with any supporting documentation to the umpire, who shall appraise the loss. The appraisers may extend the time to sixty days for which they must agree upon the amount of loss or submit their differences and supporting documents to the umpire, if the extension is agreed to by the appraisers from both parties. A written agreement signed by the umpire and either party's appraiser shall set the amount of the loss, pursuant to the appraisal process, but shall not preclude either party from exercising its rights under the policy or the law. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the expenses of the umpire shall be divided and paid in equal shares by you and this Company. If there is an appraisal award, all applicable policy terms, limits, deductibles, and conditions will still apply. If you file a lawsuit relative to this policy against this Company prior to a demand for appraisal, the lawsuit will be held in abatement until the execution of an appraisal award.[18]

The fundamental question in all cases of statutory interpretation is legislative intent.  The rules of statutory construction are designed to determine the intent of the Legislature and enforce same.[19]  However, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.[20]

Based on the foregoing, La. R.S. §22:1311 clearly and unambiguously provides that the appraisal award is valid and enforceable as the amount of the loss. Further, LSA-R.S. 1892(G) demonstrates the legislatures intent for the appraisal process and appraisal awards. Furthermore, Allied Trust's named appraiser and the umpire set the amount of the loss, and an award form was duly executed by Bree McCorkle and Cody King.  Therefore, as the appraisal award is enforceable between the parties, pursuant to the Policy and La. R.S. §22:1311, Allied Trust's Motion to Confirm Appraisal should be granted.

---

[18] LSA-R.S. 1892(G).
[19] *Id.  See also, Stogner v. Stogner,* 98-3044, p. 5 (La.7/7/99), 739 So.2d 762, 766.
[20] LSA-C.C. art. 9.

## LAW AND ARGUMENT

Allied Trust files its Motion to Confirm Appraisal Award because the appraisal process and the final award determined the amount of loss per the Policy's provisions and in accordance with Louisiana law.  As such, the damages allowed under the Allied Trust Policy have already been determined pursuant to the appraisal process.  Importantly, Plaintiff cannot meet his burden of proving that the named appraisers' and umpire's honesty or integrity was suspect.  Accordingly, Allied Trust's Motion to Confirm Appraisal Award should be granted, and Plaintiff's damages should be set at the amount as determined by Allied Trust's named appraiser and the named umpire during the appraisal process.

## I.     The Appraisal Award Is Enforceable

Appraisal provisions in insurance contracts are strictly construed.[21]  An appraisal award issued under an insurance policy is enforceable only if the appraisers "have performed the duties required of them by the policy, which is the law between the contracting parties."[22] Contractually specified appraisal awards are presumed accurate and every reasonable intendment and presumption is in favor of an award of appraisers selected to determine the value of property lost.[23] The burden of demonstrating that the award should not be confirmed must fall upon the party challenging it.[24]  The challenging party must produce evidence "that the appraiser's honesty or

---

[21] *St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Wind & Cas. Co.*, 681 F. Supp. 2d 748, 754 (E.D. La. 2010); citing *Branch v. Springfield Wind & Marine Ins. Co.*, 198 La. 720, 4 So.2d 806, 809 (1941).

[22] *Dufrene v. Certain Interested Underwriters at Lloyd's of London Subscribing to Certificate No. 3051393, 91 So.3d 397 (La.App. 5 Cir. 2012); St. Charles Parish Hosp. Serv. Dist. No. 1*, at 754 *supra. See also Prien Props., LLC v. Allstate Ins. Co.*, No. 07-845, 2008 WL 1733591, at p. 2 (W.D.La. Apr. 14, 2008); *Fourchon Docks, Inc. v. Nat'l Union Wind Ins. Co.*, 1988 WL 32938, at p. 8.

[23]*St. Charles Parish Hosp. Serv. Dist. No. 1*, at 754 *supra. C*iting *In re Waters,* 93 F.2d 196, 200 (5th Cir.1937).

[24] *Dufrene, supra. at 403; St. Charles Parish Hosp. Serv. Dist. No. 1, id.* at (E.D. La. 2010):  *See* La. Civ.Code. arts. 1983, 2045-46; *cf. Wooley v. Lucksinger,* 14 So.3d 311, 473 (La.App. 1 Cir. 2008); *Continental Eagle Corp. v. Tanner & Co. Ginning,* 663 So.2d 204, 206 (La.App. 3 Cir. 1995).

integrity is suspect."[25] The Appraisal provision in the Allied Trust Policy has been held to be valid and enforceable in order to determine the "amount of loss".[26]

In *Prien Props., LLC v. Allstate Ins. Co.*,[27] the parties submitted to the appraisal process for damages occasioned by Hurricane Rita.  The Plaintiff moved to confirm the appraisal award via separate motion and a partial summary judgment motion as to the final amount of loss.  The United States District Court for the Western District of Louisiana granted the Plaintiff's motion to confirm the appraisal award and partial summary judgment, finding that there was no impropriety in reaching the final award amount. The court found that the award was binding as to the amount of loss and the insurer could litigate further to contest coverage only.

In the case at bar, just as in *Prien, supra.*, Allied Trust's appraiser and the umpire determined the amount of damages on the subject property.  Thereafter, the umpire provided a final award, which determined the amount of loss as per the Policy's appraisal clause.  Here, the award is signed by Allied Trust's appraiser and the umpire.  As such, pursuant to the Policy and La. R.S. 22:1311, the award "will be the amount of loss."

This Honorable Court should not determine the amount of loss unless Plaintiff can show that the appraisers failed to perform his respective duties under the Policy. As stated above, **appraisal awards are presumed accurate** unless the party challenging the award amount produces evidence that the appraiser's honesty and integrity was suspect. Because Plaintiff cannot meet his burden of proving that the named appraisers failed to perform his respective duties, and that his honesty and integrity were suspect, the appraisal award should not be disturbed by this

---

[25] *Dufrene, at 403; St. Charles Parish Hosp. Serv. Dist. No. 1, supra. at* 754-55 (E.D. La. 2010); citing *Carriage Court Condo. Owners Ass'n, Inc. v. State Farm Wind & Cas. Co.,* No. 07-7715, 2009 WL 1565937, at *3 (E.D.La. May 28, 2009); *Dawes v. Continental Ins. Co. of City of New York,* 1 F.Supp. 603, 605-06 (E.D.La.1932).
[26] *Dufrene, supra* at 400.
[27] *Prien Props., LLC, supra,* 07-845 (W.D. La. 4/14/08), 2008 WL 173359.

Honorable Court. Accordingly, Allied Trust's Motion to Confirm Appraisal Award should be granted, and the amount of damages should be set according to the final appraisal award.

## II.   __Louisiana Contract Interpretation__

An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.[28]  The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract.[29] Words and phrases used in an insurance policy are to be construed using his plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.[30] An insurance contract should not be interpreted in an unreasonable or strained manner under the guise of contractual interpretation to enlarge or to restrict its provisions beyond what is reasonably contemplated by unambiguous terms to achieve an absurd conclusion.[31]  The rules of construction do not authorize a perversion of the words or the exercise of inventive  powers to create an ambiguity where none exists or the making of a new contract when the terms express with sufficient clarity the parties' intent.[32]

Ambiguous policy provisions are generally construed against the insurer and in favor of coverage.[33]  However, strict construction applies only if the ambiguous policy provision is susceptible to two or more *reasonable* interpretations; for the rule of strict construction to apply,

---

[28] *Cadwallader v. Allstate Ins. Co.,* 02-1637, p. 3 (La.6/27/03), 848 So.2d 577, 580; *Carbon v. Allstate Ins. Co.,* 97-3085, p. 4 (La.10/20/98), 719 So.2d 437, 439; *Louisiana Ins. Guar. Ass'n v. Interstate Wind & Cas. Co.,* 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763.
[29] *See* LSA-C.C. art. 2045; *Cadwallader,* 848 So.2d at 580; *Carbon,* 719 So.2d at 439; *Louisiana Ins.,* 630 So.2d at 763.
[30] *See* LSA-C.C. art. 2047; *Cadwallader,* 848 So.2d at 580; *Peterson v. Schimek,* 98-1712, p. 5 (La.3/2/99), 729 So.2d 1024, 1028-29; *Carbon,* 719 So.2d at 440-441; *Reynolds,* 634 So.2d at 1183.
[31] *Cadwallader,* 848 So.2d at 580; *Carrier v. Reliance Ins. Co.,* 99-2573, p. 11 (La.4/11/00), 759 So.2d 37, 43; *Peterson,* 729 So.2d at 1029.
[32] *Cadwallader,* 848 So.2d at 580; *Succession of Fannaly v. Lafayette Ins. Co.,* 01-1355, p. 4 (La.1/15/02), 805 So.2d 1134, 1138; *Peterson,* 729 So.2d at 1029.
[33] LSA-C.C. art. 2056; *Cadwallader,* 848 So.2d at 580; *Carrier,* 759 So.2d at 43; *Louisiana Ins.,* 630 So.2d at 764.

the insurance policy must be not only susceptible to two or more interpretations, but each of the alternative interpretations must be reasonable.[34]  Here, the terms of the Allied Trust Policy are clear and unambiguous.  As such, the appraisal process and final award are enforceable.

## CONCLUSION

Allied Trust's Motion to Confirm Appraisal Award should be granted by this Honorable Court.  Plaintiff cannot meet his burden of proving that the named appraisers' honesty and integrity are suspect.  Accordingly, the appraisal award as determined and agreed to by Allied Trust's appraiser and the umpire is enforceable and should be confirmed by this Honorable Court as the total amount of damages in the instant matter.

Respectfully submitted,

*(s) Peyton L. Stein*
**MATTHEW D. MONSON (25186)**
**KEVIN P. RICHE (31939)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**PEYTON L. STEIN (39400)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone:     (985) 778-0678
Facsimile:     (985) 778-0682
Email:  *peyton@monsonfirm.com*
***Counsel for Allied Trust Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Western District of Louisiana, this the 12th day of May, 2022.

*(s) Peyton L. Stein*

---

[34] *Cadwallader,* 848 So.2d at 580; *Carrier,* 759 So.2d at 43-44, (emphasis in original); *Louisiana Ins.,* 630 So.2d at 770.