

Matthew D. Monson
Admitted in Louisiana and Texas
Matthew@MonsonFirm.com     Please Respond to Louisiana Office

December 4, 2010
*Via Email, U.S. Mail and Certified Mail*
*Return Receipt Requested*

*Email:  karen@gmhatlaw.com*
*RRR No. 7018 3090 0002 0423 8843*
Karen H. Beyea-Schroeder, Esq.
Gauthier Murphy & Houghtaling LLC
3500 North Hullen Street
Metairie, LA  70002

    Re:    Insured:    Wallace Myers
             Dates of Loss:  8/27/2020 (Laura) and 10/9/2020 (Delta)
             Policy No.:    833646
             Claim No.:    2015709
             File No.:    475-19

Dear Ms. Beyea-Schroeder:

        We represent Allied Trust Insurance Company ("Allied Trust") regarding the property claims made due to the above-referenced losses at 2884 Muirfield Drive, Lake Charles, Louisiana.  This claim was made under the insurance policy issued on behalf of Allied Trust, Policy No. 833646 (the "Policy").  Allied Trust is investigating this claim while reserving all of its rights under the Policy.

        We are in receipt of your November 24, 2020 correspondence.  Thank you for same.  Based on the foregoing, it is clear that there is a dispute as to the amount of the loss.  Accordingly, Allied Trust invokes the appraisal provision contained within the Allied Trust Policy.  This provision provides as follows:

        **F.**    **Appraisal**
        If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial

Florida Office
2840 N. University Drive
Coral Springs, FL 33065
P: 754-229-3487

Texas Office
900 Rockmead Dr., Ste. 141
Kingwood, TX 77339
P: 281-612-1920  F: 281-612-1971

Louisiana Office
900 W. Causeway Approach, Ste. A
Mandeville, LA 70471
P: 985-778-0678  F: 985-778-0682

www.MonsonFirm.com | 855-2-MONSON

EXHIBIT C

Karen H. Beyea-Schroeder, Esq.
December 4, 2020
Page 2

>appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.
>Each party will:
>**1.**     Pay its own appraiser; and
>**2.**     Bear the other expenses of the appraisal and umpire equally.

ALLIED HO3 SP LA 19 09 (Page 7 of 14).

Further, LSA-R.S. 22:1311 contains the Standard Fire Policy, which provides in pertinent part as follows:

>**Appraisal**--In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then on request of the insured or this Company such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

Under these provisions, once either party elects to proceed under the appraisal provision, it becomes mandatory – both parties are obligated to participate.  Moreover, once triggered, the appraisal process must be completed before a dispute as to the amount of loss can be pursued through litigation.  This is apparent both from the appraisal provision quoted above and the policy provision that mandates that "[n]o action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss."

Pursuant to the terms and conditions set forth above, please be advised that you have twenty (20) days from the receipt of this correspondence to identify your appraiser.  Allied Trust's assigned appraiser is:

Karen H. Beyea-Schroeder, Esq.
December 4, 2020
Page 3

        Bree McCorkle
        Telephone:  (251) 510-2214
        Email: Bree@mccorkleaucs.com

    Nothing herein constitutes, nor should it be construed by you as a waiver of any other rights or defenses of Allied Trust under its Policy of Insurance, nor is it the purpose of the correspondence agreement to waive any of the policy provisions, terms, exclusions or conditions.

    If you should have any additional questions or concerns, please do not hesitate to call.  I look forward to working with you through the appraisal process.

    With kind regards, I remain

        Sincerely,

        *Matthew Monson*

        Matthew D. Monson

MDM/dm