UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WALLACE MYERS | * | CIVIL ACTION NO. 2:21-cv-02734 |
| | * | |
| VERSUS | * | JUDGE JAMES D. CAIN, JR. |
| | * | |
| ALLIED TRUST INSURANCE COMPANY | * | MAGISTRATE JUDGE KAY |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION TO CONFIRM APPRAISAL AWARD**

NOW INTO COURT, through undersigned counsel, comes plaintiff, WALLACE MYERS, who respectfully submits this Memorandum in Opposition to the Motion to Confirm Appraisal Award filed on behalf of Defendant, Allied Trust Insurance Company, as follows:

**FACTUAL BACKGROUND**

Plaintiff contracted with Defendant to insure his home located at 4884 Muirfield, Lake Charles, Louisiana. Plaintiff's home was insured under a homeowners' policy issued by Defendant as Policy No. 833646, with coverage effective from May 1, 2020 to May 1, 2021.[1] Hurricane Laura caused severe damage to Plaintiff's home on August 27, 2020. After Hurricane Laura, Plaintiff notified Defendant of the damage to his home and set up a claim. Plaintiff granted Defendant full access to inspect his home, which inspection was performed on September 15, 2020. Thereafter, on October 9, 2020, Hurricane Delta struck this area and caused further damage to Plaintiff's home. Following Hurricane Delta, Plaintiff notified Defendant of the additional damages and filed a claim. Defendant had ample opportunity to view the extensive damage to Plaintiff's home, but still failed to timely and reasonably adjust the loss.

---

[1] See Defendant's Exhibit A, Certified copy of the subject Allied Trust Homeowners' Policy.

1

On November 24, 2020, Plaintiff sent Defendant a formal Proof of Loss Package which included the evidence Plaintiff collected to show the severity of the damage to his home.[2] On that date, Defendant had sufficient information regarding the extent of Plaintiff's loss to allow Defendant to evaluate the loss and make a determination on Plaintiff's claim. On December 4, 2020, Defendant invoked the appraisal clause of the insurance policy, which Plaintiff believes was an attempt to further delay payments which were clearly owed. Defendant failed to make a tender in response to the Proof of Loss within thirty (30) days or sixty (60) days of receipt. Further, on January 29, 2021, Plaintiff submitted to Defendant additional living expenses receipts totaling $16,668.29 for hotel expenses.[3] On April 5, 2021, Defendant made a tender of $16,668.29 for Plaintiff's ALE, which was over the thirty (30) days or sixty (60) days allowed by Louisiana law.[4] On August 23, 2021, after almost one year of bad faith dealings with Defendant, Plaintiff filed his Complaint in this matter.

After appraisal was invoked, Defendant appointed Bree McCorkle as their appraiser. In response, Plaintiff appointed James Howard as his appraiser. Plaintiff has in good faith participated in this process. The two appraisers did not agree on the amount of the loss. Thereafter, Cody King was appointed as the umpire, and over a year after the appraisal was invoked, on February 17, 2022, an appraisal award was issued.[5] The Plaintiff's appraiser did not sign the Appraisal Award. The appraisal provision in the subject Allied Trust insurance policy states, "If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. Any

---

[2] See Defendant's Exhibit B, Plaintiff's cover letter to Proof of Loss Package.
[3] See Exhibit 1-A, Letter to defense counsel dated January 29, 2021.
[4] See Exhibit 1-B, Copy of Defendant's check dated April 5, 2021, for payment of ALE expenses.
[5] See Defendant's Exhibit E, Appraisal Award.

outcome of the appraisal will not be binding on either party."[6] Defendant has now filed their Motion to Confirm Appraisal Award.

The two appraisers never agreed to the amount of loss; therefore, no amount of loss has been set in accordance with the policy. Furthermore, the clear language of the insurance policy specifically states that any outcome of the appraisal will not be binding. Any attempt to judicially deem it binding is completely improper. Further, the appraisal inspection was performed on March 25, 2021, and additional damages have been discovered since that time, which were not included in the appraisal award.[7] On March 22, 2022, Plaintiff submitted to Defendant the supplemental Estimate of Kumar Properties, LLC dated March 22, 2022, which included the cost for the repairs to the West wall, including removal and replacement of the bricks.[8] Defendant has failed to make a tender for these additional damages within thirty (30) or sixty (60) days upon receipt of the supplemental estimate. This is a breach of the Defendant's duty and subjects them to penalties and attorney fees under Louisiana Revised Statutes 22:1892 and 22:1973. These damages are not addressed in the appraisal.

The appraisal process cannot address Plaintiff's claims for the additional property damages that were not apparent and/or addressed at the time of appraisal, breach of contract, bad faith, mental anguish, penalties, and attorney's fees. These claims are to be determined by the trier of fact. Although, Defendant's Motion did not mention these additional elements of Plaintiff's claim, their Motion likewise did not exclude them from any judgment or reserve Plaintiff's claim. Therefore, Plaintiff opposes any judgment that does not ensure that Plaintiff's claims are protected and not jeopardized by a judgment confirming the very limited appraisal award.

---

[6] See Defendant's Exhibit A, p. 7, Certified copy of Allied Trust Homeowners' Policy.
[7] See Exhibit 1-C, Supplemental Estimate of Kumar Properties, LLC dated March 22, 2022.
[8] See Exhibit 1-D, Plaintiff's email to defense counsel submitting supplemental Kumar Estimate.

# LEGAL ANALYSIS

Plaintiff opposes the Motion to Confirm Appraisal Award filed on behalf of Defendant, Allied Trust Insurance Company, as it seeks to make a contractually non-binding appraisal agreement binding. A judgment granting this Motion would directly contradict the contractual provision of the insurance policy in this matter, which is the law between the parties.

In the alternative, if this Honorable Court decides this Motion is proper, Plaintiff objects out of necessity to ensure that any Judgment made pursuant to this Motion, and in connection with any Appraisal Award, does not jeopardize Plaintiff's multiple, valid legal claims that cannot be addressed through appraisal, as well as his remaining claims for the additional damages to his dwelling that were not assessed during the appraisal. Plaintiff has exercised his right to file suit against his insurer. One of the key elements in this lawsuit is Defendant's bad faith delays. Plaintiff's Complaint addresses this by including a multitude of legal claims, including breach of contract, bad faith, and mental anguish, which are valid legal claims that will not be resolved in the appraisal process. Further, Plaintiff prays that any judgment confirming an appraisal award in this matter is strictly limited to Plaintiff's losses regarding dwelling damage and other structure damage that were discoverable at the time of appraisal and assessed during the appraisal. The appraisal inspection was conducted over one year ago. Following the appraisal, additional damages were discovered, and Plaintiff has submitted to Defendant a supplemental estimate to repair these damages. Moreover, Plaintiff prays that his claims regarding additional living expenses, breach of contract, bad faith, mental anguish, and his prayer for penalties and attorney's fees are specifically reserved.

# LAW AND ARGUMENT

**I.  The contractual language is clear and unambiguous regarding the appraisal process**

The subject insurance policy states as follows:

F.  Appraisal

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.[9]

Defendant argues that the amount of loss has been determined because the Defendant's named appraiser and the umpire have agreed to the amount of the loss. However, the policy language clearly states that, "If the <u>appraisers</u> submit a written report of an agreement to us, the amount agreed upon will be the amount of loss."  The appraisers did not agree to the amount of the loss; therefore, the "amount of loss" has not been set.  In fact, Plaintiff's appraiser, James Howard, did not even sign off on the Appraisal Award.[10]  Further, the policy language is clear that, "Any outcome of the appraisal will not be binding on either party."

An insurance policy is a contract between the insured and the insurer and has the effect of law between the parties. *Lobell v. Rosenberg,* 2015-0247 (La. 10/14/15); 186 So.3d 83. The clear language of the insurance policy specifically states an appraisal agreement under the policy

---

[9]  See Defendant's Exhibit A, Allied Trust Homeowners' Policy No. 833646, p. 7.
[10]  See Defendant's Exhibit E, Appraisal Award dated February 15, 2022.

is non-binding. There is no ambiguity in this clause. Therefore, Plaintiff prays that Defendant's Motion to Confirm Appraisal Award be denied.

## II. Louisiana Revised Statute 22:1311 does not apply

Defendant argues that the Louisiana Standard Fire policy, as codified in La. R.S. § 22:1311, mandates that appraisal awards are binding despite the clear language in the Policy. However, the Louisiana Supreme Court has found that fire policies are distinct from homeowners' policies, and statutory language that only applies to "fire policies" cannot be construed as affecting a homeowners' policy. In *Geovera v. Joachin,* 2019 WL 8273471 (E.D. La. 2019), the court explained that fire policies and homeowner's policies are two separate and distinct types of insurance. The court in *Geovera* explained as follows:

> [T]he Fifth Circuit and other district courts have acknowledged that there is uncertainty on whether statutory provisions related to fire insurance policies are applicable to homeowners' insurance policies. Generally, however, courts have determined that the Louisiana Supreme Court's analysis in a footnote of *Landry v. Louisiana Citizens Property Insurance Co.,*[11] indicates that the Louisiana Supreme Court would consider statutory language referring to fire insurance policies as inapplicable to homeowners' insurance policies. The Louisiana Supreme Court has affirmed this reading by stating in a post-*Landry* opinion "that, although homeowners' insurance includes coverage against fire and related damages, they are nonetheless two separate types of insurance and a legislative reference to 'fire insurance' does not include homeowners' insurance."[12] *Geovera Specialty Insurance Company,* 2019 WL 8273471 at *9 (citations omitted).

The subject policy is a homeowners' policy; therefore, La. R.S. 22:1311 does not apply.

---

[11] *Landry v. Louisiana Citizens Property Insurance Co.,* 983 So.2d 66, 74-76 n.10 (La. 2008).
[12] *Taranto v. Louisiana Citizens Prop. Ins. Corp.*, 2010-0105 (La. 3/15/11), 62 So.3d 721, 744 (citing *Landry v. La. Citizens Property Ins.,* 2007-1907 (La. 5/21/08), 983 So.2d 66, 75 n. 10 ("a fire policy, even if it includes coverage for perils other than fire as allowed by La. R.S. 22:691(E), is entirely distinct from a homeowners' policy."))

**III.  A Binding Appraisal Clause is Unlawful**

Despite the language of the Standard Fire Policy, the Louisiana Commissioner of Insurance issued Directive No. 173 on October 5, 2020 (originally issued on January 15, 2003) which demonstrates that any insurer's inclusion of a binding appraisal clause is unlawful.[13] See also *Church of King of Lake Charles v. GuideOne Mutual Insurance Co.,* 2021 WL 4527454 (W.D. La. 2021).

**IV.  If this Honorable Court grants the Motion to Confirm, Plaintiff prays that any Judgment specifically reserves Plaintiff's right to his claims not addressed in the appraisal process, and specifically reserves his right to supplement his claim with any damage discovered at a later date.**

One of the key elements in this lawsuit is Defendant's bad faith delays.  Plaintiff's Complaint for Declaratory Judgment and Damages includes a multitude of legal claims, including breach of contract, bad faith, mental anguish, penalties, and attorney's fees, which are valid legal claims that will not be resolved in the appraisal process.  These causes of action only exist due to the arbitrary and capricious manner in which Defendant handled Plaintiff's claim prior to the filing of this lawsuit. These causes of action are not part of the appraisal process and cannot be resolved in this manner.

The court in *Durgin v. Allstate Property and Casualty Ins. Co.* held that "the role of an appraiser appointed to determine the total loss under a property insurance policy is 'merely to ascertain the cash value and the extent of the insured's loss…'" *Durgin v. Allstate Property and Casualty Ins. Co.*, 2020 WL 4018664, at 4 (W.D. La. 2020). An appraiser does not have the authority to preside over the additional claims brought forth in Plaintiff's Petition/Complaint. *Id.*

---

[13] See Directive No. 173, made part of the Louisiana Department of Insurance, Office of Property and Casualty, Policy Form Filing Handbook, July 2018 Edition.

An appraisal provision in an insurance policy "does not divest a court of jurisdiction, nor could it under Louisiana law." *Id.* at 3. Louisiana law prohibits any provision in an insurance policy that functions to deprive the courts of jurisdiction over an action against an insurer. *Id*. citing La. R.S. § 22:868(a)(2). Defendant is barred from issuing an insurance policy that would prohibit their insured from bringing an action against them in a Louisiana court.

Plaintiff vehemently opposes any confirmation or judgment that is not strictly construed to protect his claims for additional property damages not assessed during appraisal, additional living expenses, breach of contract, bad faith, mental anguish, penalties, and attorney's fees. Moreover, the clear language of the appraisal clause deems the appraisal award is not binding. Defendant now hopes to change this with confirmation from this court. However, Plaintiff stresses to this Honorable Court that due to Defendant's bad faith delays, Plaintiff has been with minimal insurance funds to repair his home. As repairs are made, Plaintiff may discover damages from Hurricanes Laura and Delta that were not possible for any competent appraiser to detect and evaluate.

Therefore, Plaintiff prays that any judgment confirming the appraisal award in this matter, is strictly construed to specify the very limited scope of this appraisal. Moreover, Plaintiff prays that all of his claims not addressed in this appraisal, including claims for personal property loss, additional living expenses, breach of contract, bad faith, mental anguish, penalties, and attorney's fees are all protected, and that Plaintiff's right to these claims is specifically reserved. Finally, Plaintiff prays that any judgment recognizes Plaintiff's right to supplement his claim with additional dwelling damages or other structure damages that may be found during repairs and the removal of damaged property.

## CONCLUSION

Louisiana Revised Statute 22:1311 does not apply, and the subject policy clearly states that the appraisal is not binding on the parties. Further, the Louisiana Commissioner of Insurance issued a Directive making it unlawful for insurers to include a binding appraisal clause in their insurance policies. As such, Plaintiff, WALLACE MYERS, prays that this Honorable Court denies the Motion to Confirm Appraisal Award filed on behalf of Defendant, Allied Trust Insurance Company. In the alternative, Plaintiff, WALLACE MYERS, prays that this Honorable Court strictly limit any Judgment granting the Motion to Confirm Appraisal Award filed on behalf of Defendant, Allied Trust Insurance Company, specifically reserving Plaintiff's right to pursue his claims for additional living expenses, breach of contract, bad faith, mental anguish, penalties, attorney's fees, and the additional property damages not assessed or apparent during appraisal so that he may supplement his dwelling and other structure losses as needed.

Respectfully Submitted,

*s/Erin M. Alley*

_____
ERIN M. ALLEY, #23214
ealley@baggettmccall.com
BAGGETT, McCALL, BURGESS,
WATSON, GAUGHAN & ANDRUS, LLC
3006 Country Club Road
Post Office Drawer 7820
Lake Charles, LA 70605
(337) 478-8888 Telephone
(337) 479-1658 Facsimile

And

KEVIN SLOAN, #34093
kevin@gmhatlaw.com
GAUTHIER MURPHY & HOUGHTALING LLC
3500 N. Hullen Street
Metairie, Louisiana, 70002
Telephone:   (504) 456-8600
Facsimile:   (504) 456-8624

Attorneys for Plaintiff, Wallace Myers.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record via the CM/ECF system on this 25th day of May, 2022.

*s/Erin M. Alley*
_____
ERIN M. ALLEY