UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WALLACE MYERS**            **CASE NO. 2:21-CV-02734**

**VERSUS**            **JUDGE JAMES D. CAIN, JR.**

**ALLIED TRUST INSURANCE CO**            **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is a "Motion to Confirm Appraisal Award" (Doc. 14) filed by Defendant Allied Trust Insurance Company ("Allied").

## INTRODUCTION

On or about August 27, 2020, Plaintiffs' home was damaged by Hurricane Laura. Defendant Allied Trust Insurance Company ("Allied") insured the home during the relevant time period. The parties disagreed with the amount of damage and agreed to proceed through the appraisal process as outlined in the homeowners' insurance policy. However, Plaintiff's appraiser did not sign the Appraisal Award determined by the Umpire.

## LAW AND ANALYSIS

Allied argues that the instant Motion should be granted because the amount of contractual damages has been properly determined by Allied's named appraiser and the Umpire in the appraisal process as set forth in the insurance policy. Allied asserts that the amount determined by the appraiser and umpire has been timely paid and Plaintiffs cannot meet their burden of proving that the appraisers' honesty or integrity was suspect.

The appraisal provision in the policy provides as follows:

   **F.**  **Appraisal**

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.  The appraisers will separately set the amount of loss. If the appraiser submits a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their difference to the umpire.  Any outcome of the appraisal will not be binding on either party.[1]

  Plaintiffs maintain that the appraisal award is not binding.  Plaintiffs rely on the express policy language which states that "[a]ny outcome of the appraisal will not be binding on either party."

  Allied contends that § 22:1311(F)(2) makes the appraisal award valid and enforceable as to the amount of the loss.  The appraisal process for a Standard Fire Policy is codified in Louisiana Revised Statute 22:1311(F)(2) which states that:

> An award, in writing, so itemized of any two [appraisers or appraiser and umpire] when filed with this company shall determine the amount of actual cash value and loss.

  Plaintiffs contend that § 22:1311applies only to "a policy of fire insurance."  In *GeoVera Specialty Insurance Company v. Joachin,* 2019 WL 8273471 (E.D. La. 2019), the court explained that fire policies and homeowner's policies are two separate and distinct types of insurance. The *GeoVera* court explained as follows:

---

[1] Exhibit A, attached to Defendant's exhibit 1, Declaration of Cory Baker.

> [T]he Fifth Circuit and other district courts have acknowledged that there is uncertainty on whether statutory provisions related to fire insurance policies are applicable to homeowners' insurance policies. Generally, however, courts have determined that the Louisiana Supreme Court's analysis in a footnote of *Landry v. Louisiana Citizens' Property Insurance. Co.,*[2] indicates that the Louisiana Supreme Court would consider statutory language referring to fire insurance policies as inapplicable to homeowners' insurance policies. The Louisiana Supreme Court has affirmed this reading by stating in a post-*Landry* opinion "that, although homeowners' insurance includes coverage against fire and related damages, they are nonetheless two separate types of insurance and a legislative reference to 'fire insurance' does not include homeowners' insurance."[3]

*Geovera Specialty Insurance Company,* 2019 WL 8273471 at *9 (citations omitted).

Thus, Plaintiffs argue that Allied's reliance on the fire insurance provision in § 22:1131(F)(2) is not applicable to Plaintiff's homeowner policy. The Court agrees that Louisiana Revised Statute 22:1131 does not apply here because the policy is a homeowners' policy.

Plaintiffs also assert in their Complaint, bad faith damages. As noted by Plaintiffs, "the role of an appraiser appointed to determine the total loss under a property insurance policy is 'merely to ascertain the cash value and the extent of the insured's loss…'" *Durgin v. Allstate Property and Cas. Inc. Co.*, 2020 WL 4018664, at 4 (W.D. La. 2020). An appraiser does not have the authority to preside over the additional claims brought forth in Plaintiffs' Complaint. *Id.* Louisiana law prohibits any provision in an insurance policy that

---

[2] 983 So.2d 66, 74-76 n.10 (La. 2008).
[3] *Taranto v. Louisiana Citizens Prop. Ins. Corp.*, 2010-0105 (La. 3/15/11), 62 So. 3d 721, 744 (citing *Landry v. La. Citizens Property Ins.,* 2007–1907 (La.5/21/08), 983 So.2d 66, 75 n. 10 ("a fire policy, even if it includes coverage for perils other than fire as allowed by La. R.S. 22:691(E), is entirely distinct from a homeowners' policy.")).

functions to deprive the courts of jurisdiction over an action against an insurer. *Id.* at 3. Citing Louisiana Revised Statute § 22:868(a)(2).

The appraisal process language of the policy clearly states that the appraisal is not binding. As such, the Court finds that because the appraisal is not binding, thus the appraisal award cannot be confirmed.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion to Confirm Appraisal Award (Doc. 14) filed by Defendant Allied Trust Insurance Company is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 15th day of June, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTICT JUDGE